IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUDIE BELLMAN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. _____ |
| CITY OF PHILADELPHIA; OFFICER MILORD CELCE, Badge No. 7637; and OFFICER ANDRE BOYER, Badge No. 1410, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of defendant Philadelphia Police Officers Celce and Boyer in unlawfully stopping/arresting, maliciously prosecuting, and using excessive and unreasonable force against plaintiff Ludie Bellman. The actions and conduct of the defendant officers are the result of a policy, practice, custom, and deliberate indifference on the part of defendant City of Philadelphia.

### JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

### PARTIES

3. Plaintiff Ludie Bellman, age 70, was at all times relevant to this Complaint a resident of Philadelphia, Pennsylvania.

4. Defendant City of Philadelphia is a municipality in the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the Philadelphia Police Department, which employs defendants Celce and Doe(s).

5. Defendant Officer Milord Celce, Badge No. 7637, is and was at all times relevant to this Complaint an officer in the Philadelphia Police Department. He is sued in his individual capacity.

6. Defendant Officer Andre Boyer, Badge No. 1410, is and was at all times relevant to this Complaint an officer in the Philadelphia Police Department. He is sued in his individual capacity.

7. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

8. At all times relevant to this Complaint, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

9. On the evening of July 17, 2010, plaintiff Ludie Bellman was visiting his daughter's home on the 1800 block of West Wilt Street in Philadelphia.

10. After leaving the house, plaintiff drove toward the 1900 block of West Wilt Street, where he was stopped by a Philadelphia officer investigating a hit and run accident.

11. The officer questioned plaintiff and observed his vehicle, which displayed no damage, and, after concluding that plaintiff had nothing to do with the car accident, told plaintiff he could go.

12. Before plaintiff re-entered his vehicle, defendant Officer Celce and defendant Officer Boyer arrived on the scene, approached plaintiff, pushed him up against his car, and told him not to move.

13. The defendant officers shoved plaintiff's head against the car several more times.

14. The defendant officers then handcuffed plaintiff and transported him to the police station at 17th Street and Montgomery Avenue.

15. The defendant officers placed the handcuffs on plaintiff in an excessively tight manner.

16. While plaintiff was in the defendants' custody, he repeatedly complained to the defendant officers that the handcuffs were too tight and were causing him pain.

17. The defendant officers ignored plaintiff's complaints about the handcuffs and refused to loosen them.

18. To the extent that either defendant did not use force against plaintiff, that defendant failed to intervene to protect plaintiff from the unlawful use of force by the other defendant.

19. At no time during this incident did plaintiff use any force against the defendant officers or do anything that would have provided the officers with a legal basis to use force against him.

20. As a result of the defendant officers' use of force against him, plaintiff suffered physical injuries, including abrasions under his left eye, abrasions over his right eye, and numbness in his left wrist due to the excessively tight handcuffs.

21. Defendants Celce and Boyer issued a criminal complaint against plaintiff falsely and maliciously charging plaintiff with disorderly conduct and public drunkenness, thus instituting prosecution against plaintiff causing additional harm.

22. As a result of the false charges, plaintiff was required to appear in court on several occasions, and plaintiff thus remained seized throughout the criminal proceeding.

23. The charges against plaintiff were dismissed on July 19, 2010, and the criminal charges were thus terminated in plaintiff's favor.

24. At no time did plaintiff commit any offense in violation of the laws of the City of Philadelphia, the Commonwealth of Pennsylvania, or the United States.

25. There was no legal cause to justify the stop, detention, and/or arrest of plaintiff or the institution of charges against plaintiff.

26. There was no legal cause to justify the use of force against plaintiff, and the force used against plaintiff was unreasonable and excessive.

27. At all times relevant to this Complaint, the conduct of defendants Celce and Boyer was in willful, reckless, and callous disregard of plaintiff's rights under federal and state law.

28. As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Celce and Boyer
### Federal Constitutional Claims

29. The actions of defendants Celce and Boyer violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful stop, detention, and/or arrest, the unlawful use of force, and malicious prosecution.

### Count II
### Plaintiff v. Defendant City of Philadelphia
### Federal Constitutional Claims

30. The violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Philadelphia, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

   b. The use of force by police officers;

   c. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges;

   d. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

    e.    The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

    f.    Police officers' use of their status as police officers to employ the use of force or to achieve ends not reasonably related to their police duties;

    g.    The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests, the use of force, and the institution of criminal charges under such circumstances as presented by this case;

    h.    The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia police officers; and

    i.    The practice among Philadelphia police officers of instituting false charges against individuals whom the officers have subjected to unlawful force with the intention of precluding such individuals from instituting civil claims.

### Count III
### Plaintiff v. Defendants Celce and Boyer
### State Law Claims

31.    The actions of defendants Celce and Boyer constitute the torts of assault, battery, false arrest, false imprisonment, and malicious prosecution under the laws of the Commonwealth of Pennsylvania.

**Wherefore**, plaintiff respectfully requests:

A. Compensatory damages as to all defendants;

B. Punitive damages as to defendants Celce and Boyer;

C. Reasonable attorneys' fees and costs as to all defendants;

D. Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

Jonathan H. Feinberg
I.D. No. 88227
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
jfeinberg@krlawphila.com

*Counsel for Plaintiff*